United States Bankruptcy Court

Northern District of Indiana

In re:  Case No. 22-21670-jra
Lucille Margaret Robbins  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0755-2  User: admin  Page 1 of 3
Date Rcvd: Feb 27, 2023  Form ID: pdf004  Total Noticed: 72

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 01, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Lucille Margaret Robbins, 4202 Baring Avenue, East Chicago, IN 46312-2509 |
| 15539534 | | BPmeRewards Visa;, First National Bank of Omaha, P.O. Box 2557, Omaha, NE, 68103-2557 |
| 15506043 | + | Baen Publishing, P.O. Box 1188, Wake Forest, NC 27588-1188 |
| 15506046 | + | Bethanne Kim, PO Box 399, Catharpin, VA 20143-0399 |
| 15506047 | + | Bill Fawcett, 1604 Mansfield Cove NW, Kennesaw, GA 30152-7707 |
| 15506048 | + | Bjorn Hasseler, 8000 Oxbow Place, Laurel, MD 20724-2955 |
| 15506049 | + | Bradley Sinor, 5649 S. Zunis Avenue, Tulsa, OK 74105-6122 |
| 15506050 | | Capital One, PO Box 7680, Carol Stream, IL 60116-7680 |
| 15506051 | + | Cecilia Holland, 520 Palmer Blvd, Fortuna, CA 95540-9759 |
| 15539536 | + | Centier Bank, 600 E. 84th Ave., Merrillville, IN 46410-6366 |
| 15506052 | + | Centier Bank, Attn:Collections, 600 E 84th Ave, Merrillville, IN 46410-6366 |
| 15506055 | + | Chuck Gannon, 851 Holly Drive South, Annapolis, MD 21409-5555 |
| 15506057 | + | David Brin, 801 Calle Santa Cruz, Encinitas, CA 92024-6608 |
| 15506058 | + | David Carrico, 10425 York Way, Oklahoma City, OK 73162-6979 |
| 15506059 | + | David Palmer, 5590 NE 150th Ave, Williston, FL 32696-5983 |
| 15506060 | + | Douglas Jones, 816 Park Rd, Iowa City, IA 52246-2427 |
| 15506061 | + | Enrico Toro, 4342 7th Ave. NE,, Apt. A, Seattle, WA 98105-4769 |
| 15506062 | + | Estate of Kevin Evans, 100 Dakota Morning Rd, Rio Rancho, NM 87124-2518 |
| 15506065 | + | Garrett Vance, 301 NE Blackat Lane, Tahuya, WA 98588-9462 |
| 15506066 | + | Gorg Huff, 3717 Parrish Ave., East Chicago, IN 46312-2237 |
| 15506067 | + | Herbert Sakalaucks, N. 11115 670th St., Wheeler, WI 54772-9539 |
| 15506068 | | Indiana Department of Revenue, State Office Building, Indianapolis, IN 46204 |
| 15506070 | + | Iver Cooper, 6247 N. 23 St., Arlington, VA 22205-2009 |
| 15506071 | + | Jack Carroll, 77 Musket Dr., Nashua, NH 03062-1442 |
| 15506073 | | Jan Kotouc, U dubu 1377/112, Prague 4; 14700 Czech Republic |
| 15506074 | + | Jerry Kenton Pierce, 425 N. Main Street Apt. 1A, Greensburg, PA 15601-1859 |
| 15506075 | + | John Deakins, 7238 Estes Road, Harrison, AR 72601-8558 |
| 15506076 | | Kerryn Offord, 38 Bainton St., Christchurch 8053, New Zealand |
| 15506077 | + | Kim Mackey, 10520 Spendrift Loop, Anchorage, AK 99515-2530 |
| 15506078 | + | Laura Givens, 2885 South Raleigh St., Denver, CO 80236-2133 |
| 15506079 | | Lucie Moravov, Valc kova 8, 182 00, Prague 8 Czech Republic |
| 15506081 | | Marc Tyrell, 230 Bay Street South, Hamilton, Ontario, L8P 3J1 |
| 15506082 | + | Mark Huston, 1290 Dorchester Ln, Hoffman Estates, IL 60169-2306 |
| 15506083 | + | Mike Watson, 204 North Sunset Lane, Raymore, MO 64083-9287 |
| 15506084 | + | Nathan Dodge, 291 Creekwood Dr., Sunnyvale, TX 75182-2622 |
| 15506086 | + | Paula Goodlett, 2930 County Rd. 4668, Bivins, TX 75555-2844 |
| 15506087 | + | Premier America Credit Union, 19867 Prairie Street, Chatsworth, CA 91311-6532 |
| 15506088 | + | Rapid Finance, 4500 East West Highway, 6th Floor, Bethesda, MD 20814-3327 |
| 15506089 | + | Rosemary Edgehill, 1517 Hess Creek Court, Newberg, OR 97132-9579 |
| 15506090 | + | Ryk Spoor, 3 Glenwood Road, Troy, NY 12180-8334 |
| 15506091 | + | Sandy Murphy, 717 Bellavilla Dr., Saint Louis, MO 63125-1443 |
| 15506092 | + | Shane Gries, Unit 7800 Box 158, DPO, AP 96549-0158 |
| 15506093 | + | Stephen Stirling, 2595 Calle Delfino, Santa Fe, NM 87505-6490 |
| 15506094 | + | Steve Silver, 707 Sapling Lane, Deerfield, IL 60015-3969 |
| 15506095 | + | TCM Bank, PO Box 105666, Atlanta, GA 30348-5666 |
| 15506096 | + | Terry Howard, 235 Worden Avenue, Kalamazoo, MI 49048-5839 |
| 15506097 | + | Virginia DeMarce, 444 W. Broad St., Unit 232, Falls Church, VA 22046-3346 |
| 15506098 | + | Windham, 571 N. Tustin Ave. Unit J, Santa Ana, CA 92705-3728 |

District/off: 0755-2 User: admin Page 2 of 3
Date Rcvd: Feb 27, 2023 Form ID: pdf004 Total Noticed: 72

| | | |
|---|---|---|
| 15506099 | + | Wood Hughes, 211 Whitesand Bay Drive, Stockbridge, GA 30281-6202 |

TOTAL: 49

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: INDWDBankruptcy@dwd.IN.gov | Feb 28 2023 00:33:00 | Indiana Employment Security Division, 10 North Senate Street, Indianapolis, IN 46204 |
| 15506040 | | Email/PDF: bncnotices@becket-lee.com | Feb 28 2023 00:41:52 | American Express, PO Box 96001, Los Angeles, CA 90096-8000 |
| 15506041 | | Email/PDF: bncnotices@becket-lee.com | Feb 28 2023 00:42:01 | American Express, PO Box 0001, Los Angeles, CA 90096-8000 |
| 15523465 | | Email/PDF: bncnotices@becket-lee.com | Feb 28 2023 00:42:02 | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |
| 15506042 | + | Email/PDF: bncnotices@becket-lee.com | Feb 28 2023 00:42:01 | Amex, Correspondence/Bankruptcy, Po Box 981540, El Paso, TX 79998-1540 |
| 15506044 | | Email/Text: creditcardbkcorrespondence@bofa.com | Feb 28 2023 00:33:00 | Bank of America, PO Box 15796, Wilmington, DE 19886-5019 |
| 15506045 | + | Email/Text: BarclaysBankDelaware@tsico.com | Feb 28 2023 00:33:00 | Barclays Bank Delaware, Attn: Bankruptcy, Po Box 8801, Wilmington, DE 19899-8801 |
| 15539535 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Feb 28 2023 00:41:55 | Capital One Bank, P.O. Box 30285, Salt Lake City, UT, 84130-0285 |
| 15506056 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Feb 28 2023 00:41:56 | Citibank/The Home Depot, Citicorp Credit Srvs/Centralized Bk dept, Po Box 790034, St Louis, MO 63179-0034 |
| 15506080 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Feb 28 2023 00:42:01 | Macys/fdsb, Attn: Bankruptcy, 9111 Duke Boulevard, Mason, OH 45040 |
| 15506063 | | Email/Text: collecadminbankruptcy@fnni.com | Feb 28 2023 00:33:00 | First National Bank, Attn: Bankruptcy, P.O. Box 3128, Omaha, NE 68103 |
| 15516774 | | Email/Text: collecadminbankruptcy@fnni.com | Feb 28 2023 00:33:00 | First National Bank of Omaha, 1620 Dodge Street, Stop Code 3113, Omaha, Nebraska 68197 |
| 15506064 | | Email/Text: collecadminbankruptcy@fnni.com | Feb 28 2023 00:33:00 | First National Bank of Omaha, Po Box 2557, Omaha, NE 68103 |
| 15507411 | | Email/Text: DORBANKRUPTCYCOURTNOTICES@DOR.IN.GOV | Feb 28 2023 00:33:00 | Indiana Department of Revenue, Bankruptcy Section, 100 North Senate Avenue, N240, Indianapolis IN 46204 |
| 15506069 | + | Email/Text: sbse.cio.bnc.mail@irs.gov | Feb 28 2023 00:33:00 | Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346 |
| 15506053 | | Email/PDF: ais.chase.ebn@aisinfo.com | Feb 28 2023 00:41:50 | Chase, Po Box 15298, Wilmington, DE 19850 |
| 15506054 | | Email/PDF: ais.chase.ebn@aisinfo.com | Feb 28 2023 00:41:50 | Chase Card Services, Attn: Bankruptcy, P.O. 15298, Wilmington, DE 19850 |
| 15507410 | | Email/Text: LCTreasBankruptcy@lakecountyin.org | Feb 28 2023 00:33:00 | Lake County Treasurer, Attention: Bankruptcy Clerk, 2293 North Main Street, Crown Point IN 46307 |
| 15539537 | | Email/PDF: gecsedi@recoverycorp.com | Feb 28 2023 00:42:00 | Lowe's/Synchrony Bank, P.O. Box 965003, Orlando, FL, 32896-5003 |
| 15539538 | | Email/PDF: Citi.BNC.Correspondence@citi.com | Feb 28 2023 00:42:01 | Macy's American Express Account, P.O. Box 790003, St. Louis, MO, 63179-0003 |
| 15506085 | + | Email/Text: bankruptcy@ondeck.com | Feb 28 2023 00:33:00 | OnDeck, 1400 Broadway, 25th Floor, New York, NY 10018-5225 |
| 15525215 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Feb 28 2023 00:42:01 | PORTFOLIO RECOVERY ASSOCIATES, LLC, |

| District/off: 0755-2 | User: admin | Page 3 of 3 |
|---|---|---|
| Date Rcvd: Feb 27, 2023 | Form ID: pdf004 | Total Noticed: 72 |

| 15539539 | Email/Text: bncmail@w-legal.com | Feb 28 2023 00:33:00 | Target Card Services, servicer to TD Bank USA, N.A., 3901 West 53rd St., Sioux Falls, SD, 57106-4216 POB 41067, Norfolk, VA 23541 |

TOTAL: 23

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 15506072 |  | James Dharma, c/o Victoria Ainsley |
| cr | *+ | Centier Bank, 600 E. 84th Avenue, Merrillville, IN 46410-6366 |
| 15523466 | * | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |
| 15507407 | * | Internal Revenue Service, P. O. Box 7346, Philadelphia, PA 19101-7346 |

TOTAL: 1 Undeliverable, 3 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 01, 2023         Signature:    /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 27, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Amy Godshalk | on behalf of Trustee Paul R. Chael amy@pchael13.com |
| Christopher R. Schmidgall | on behalf of Debtor 1 Lucille Margaret Robbins bankruptcy@wshlegal.com schmidlaw1@gmail.com;SchmidgallWR70654@notify.bestcase.com |
| Julia M. Hoham | on behalf of Trustee Paul R. Chael julia@pchael13.com |
| Nancy J. Gargula | USTPRegion10.SO.ECF@usdoj.gov |
| Paul R. Chael | aimee@pchael13.com pchael13@ecf.epiqsystems.com;wjoyce@pchael13.com;smichelle@pchael13.com |
| Seth R. Buitendorp(AMG) | on behalf of Creditor Centier Bank seth@glblegal.com seth@ecf.inforuptcy.com |

TOTAL: 6

confirmation order new act cases.wpd

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE:                                        )
                                              )
Lucille Margaret Robbins                      )        CASE NO. 22-21670  JRA
                                              )
                   Debtor(s)                  )

## ORDER CONFIRMING PLAN

The Chapter 13 Plan of the above captioned Debtor(s) came on for a confirmation hearing before the undersigned Bankruptcy Judge in his Courtroom on February 27, 2023. The Chapter 13 standing Trustee appeared in person or by counsel.  The Debtors appeared by counsel.

The Trustee reports to the Court that based on examination of the Debtor(s) and the Plan that the Plan may be confirmed upon resolution of matters addressed at the confirmation hearing, if any.

It appears to the Court that the Chapter 13 Plan, including the Debtor's declarations contained therein, has been transmitted to all creditors, parties in interest, or persons or entities whose rights are affected in any way by the Plan, and that due notice of hearing on confirmation has been given.  The Court being duly advised in the premises hereby makes the following findings:

1. That the Plan, including any modifications made by order of the Court, complies with the provisions of Chapter 13, and with other applicable provisions of Title 11, United State Code.

2. That any fee, charge, or amount required under 28 U.S.C. Chapter 123, or by the Plan, to be paid before confirmation has been paid.

3. That the Plan has been proposed in good faith and not by any means forbidden by law, and the action of the Debtor(s) in filing the petition was in good faith.

4. That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7, Title 11, United States Code, on such date.

5. That with respect to each allowed secured claim provided for by the Plan, the Plan complies with 11 U.S.C. § 1325(a)(5).  Whether or not expressly provided in the Plan, with respect to allowed secured claims provided for under 11 U.S.C. § 1325(a)(5)(B), pursuant to 11 U.S.C. § 1325(a)(5)(B)(i) every holder of such claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-

confirmation order new act cases.wpd

    bankruptcy law, or discharge under 11 U.S.C. § 1328 and, if this case is dismissed or converted without completion of the Plan, such lien shall be retained by such holder to the extent recognized by applicable non-bankruptcy law.  Any contrary provision in the plan is superceded by this order.

6.  No party-in-interest has asserted or established that the Debtor(s) has/have not satisfied the requirements of 11 U.S.C. § 1325(a)(8) and (9).

7.  That the Debtor(s) will be able to make all payments under the Plan and comply with the Plan.

8.  To the extent that 11 U.S.C. § 1322(d)(2) requires the Plan to provide payments over a period of not longer than three years, the Court determines that cause exists to extend the period of payments to that provided for by the Plan.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**  that the Plan (as modified by modifications approved by the Court in advance of the entry of this order, which modifications are deemed to be included in the Plan submitted to the Court for confirmation pursuant to 11 U.S.C. § 1323(b) [including modifications made by the Court at the hearing on confirmation]) be and the same hereby is confirmed, subject to the following terms, conditions and restrictions, and that this order shall control over any Plan provision that is inconsistent herewith:

1.  That notwithstanding any provision in the Debtor's Plan that the Debtor is to act as the Disbursing Agent regarding any post-petition payment, the Debtor shall make any such payment to the Trustee who thereafter will act as Disbursing Agent as to any such payment.

2.  That in the event that the Debtor does not cause the Plan payments to the Trustee to be timely made as required by the Plan as confirmed, or as hereafter modified, the Trustee may request, without notice and hearing, that the Court Order any entity from whom the Debtor receives income to pay all or any part of such income to the Trustee pursuant to 11 U.S.C. §1325(c).

3.  That the application by the attorney for the Debtor(s) for the allowance of attorney fees for services rendered to the Debtor(s) having been considered, the Court finds that a reasonable fee for the routine and ordinary services performed or to be performed and undertaken by said attorney is $ 1500.00 of which $0.00 was paid to said attorney prior to the filing of the petition initiating this proceeding leaving an unpaid balance of 1500.00. That the unpaid balance of said fee shall be paid as a priority administrative claim pursuant to 11 U.S.C. §507(a)(1) and §503(b) as follows:

    In such manner as the Trustee shall in his discretion determine in order to cause the Plan to continue to conform to the

-2-

confirmation order new act cases.wpd

    requirements of 11 U.S.C. §1325(a)(5)(B)(iii) and to provide for current payments proposed to be made by the Plan pursuant to 11 U.S.C. §1322(b)(5); provided, however, that said monthly payments shall not commence until the Debtor's counsel has submitted a written review of all claims filed in the case to the Estate Administrator for filing with the Court, and serve a copy thereof on the Trustee, said review to be dated and submitted after the last day to timely file claims has run. The payment of any said fees can be suspended or fees disgorged by the Court, after notice and hearing, if the Debtor's attorney fails and refuses to properly render all reasonable and ordinary legal services required to complete the Plan.

4. That the Debtor(s) shall maintain property damage insurance on any motor vehicles in which there is a security interest in an amount equal to the value thereof, and provide any such secured party with proof of insurance by a reputable insurance company authorized to do business in the State of Indiana showing the secured party as loss payee. In the event the Debtor(s) fail or refuse to do so the Debtor(s) shall store any such vehicles, until such proof of insurance is provided to said secured party.

5. That the Debtor(s) shall maintain property damage insurance on any real estate in which there is a mortgage or that the Debtor is purchasing pursuant to a real estate contract in an amount equal to the value thereof, and provide any secured party with proof of insurance by a reputable insurance company authorized to do business in the State of Indiana showing the secured party as a loss payee. In the event of the Debtor(s) failure or refusal to do so the court shall enter such <u>ex parte</u> emergency relief as is just and proper under the circumstances.

6. That the Debtor(s) shall not incur any additional debt during the term of the Plan without the prior, written approval of the Trustee, except for emergency or routine medical, dental, optical, hospital, auto or home repair expenses.

7. That the Debtor(s) shall notify counsel for the Debtor(s) and the Trustee immediately in writing of any change in the Debtor's address, or of any termination, reduction of, or change in the Debtor's employment, or of any additional employment obtained.

8. That the Debtor(s) shall not mortgage, sell or otherwise dispose, transfer or encumber any personal or real property constituting property of the estate under 11 U.S.C. § 1306 on the date of the filing of the petition, without first obtaining written authorization by order from the Court after notice and hearing.

confirmation order new act cases.wpd

9. That any and all property of the estate on the date of entry of this order as defined by 11 U.S.C. § 1306 <u>shall not revest in the Debtor(s)</u> upon the entry of this order – pursuant to the Court's authority under 11 U.S.C. § 1327(b) – and all such property shall remain property of the estate of the Debtor(s) until determined otherwise by the Court or by operation of applicable law.

10. That the Debtor's attorney shall review all claims filed versus the Debtor's estate after the time has run to file claims to determine whether they are legally valid and correct in the amount claimed, and file a written report thereto with the Clerk of the Court, and serve a copy on the Trustee.

11. That any provision of the Plan notwithstanding, any lien held by a creditor having a secured claim provided for by the Plan under 11 U.S.C. § 1325(a)(5)(B) shall be retained by said creditor in conformity with 11 U.S.C. §1325(a)(5)(B)(i).

12. That any provision of the Plan notwithstanding, and despite confirmation of the Plan in advance of the closure of an applicable claim filing deadline, any timely filed claim shall be deemed allowed as filed with respect to the amount and categorization (as secured, priority, or unsecured) of said claim. The *prima facie* validity and amount of such claim provided for by Fed.R.Bankr.P. 3001(f) shall be overcome only by means of such proceedings specifically addressed to such claim as applicable law may require – including those under Fed. R. Bank. P. 3007, Fed. R. Bank. P. 3012 and/or Fed. R. Bank. P. 7001, – and not by provisions of the Plan.

13. That any provision of the Plan notwithstanding, any determination of dischargeability of a debt which requires separate determination by the Court shall not be affected by the Plan and shall be determinable by the Court as provided by applicable law by adversary proceeding.

14. The Debtor's failure to pay any tax liability required to be paid by the Debtor after the date of the filing of the petition shall constitute "cause" for dismissal of the Debtor's case pursuant to 11 U.S.C. §1307(c). The failure of the Debtor(s) to file a tax return that becomes due after the commencement of the case or obtain an extension of the due date thereof shall be subject to the provisions of 11 U.S.C. § 521(j).

15. That any provision of the Plan notwithstanding, any debt affected by the Plan in a manner not authorized by applicable law, including by the provisions of Title 11 of the United States Code, shall be subject to such remedies as are provided by applicable law apart from 11 U.S.C. §1330(a), including such remedies as are provided for by *Matter of Escobedo*, 28 F.3d 34 (7th Cir. 1994).

confirmation order new act cases.wpd

16. That any provision of the Plan notwithstanding, no creditor having a claim subject to 11 U.S.C. § 1322(b)(2) secured only by a security interest in real property which is the Debtor('s)(s') principal residence, which claim is provided for by the Plan pursuant to 11 U.S.C. §1322(b)(5), shall be required to request allowance by the Court of any addition to the indebtedness of the Debtor(s) to such creditor sought to be imposed subsequent to the filing of the petition initiating this case, as a condition of the legal effectiveness of such addition.  Any provision of the Plan which requires such a request/allowance is void under the provisions of 11 U.S.C. § 1322(b)(2), and this order of confirmation of the Plan hereby voids any such provision in the Plan. The legal effectiveness of any such addition shall be governed by otherwise applicable law, and not by such provision of the Plan.

Dated at Hammond, Indiana on February 27, 2023

/s/ James R. Ahler
James R. Ahler, Judge
United States Bankruptcy Court

<u>Distribution</u>
Debtor(s), Attorney for Debtor(s)
Trustee, U.S. Trustee
All Creditors
All Parties-in-Interest
Rev. 03/12/2009

-5-